UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br>  v.<br><br>ROBERT M. VANCE,<br><br>  Defendant. | Case No. 1:24-CV-01150-BAM |

# [PROPOSED] STIPULATED PROTECTIVE ORDER

The Court hereby enters the following Protective Order governing the disclosure of confidential information by a producing party in this litigation.

1.  DEFINITIONS

    a.  Action refers to the above-captioned litigation.

    b.  Discovery Material includes all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony adduced during any hearing, deposition transcripts and/or videotapes, any documents produced, answers to interrogatories, responses to requests for admission, affidavits, declarations,

and all other information or material that are produced or generated in disclosures or responses to discovery in this matter.

    c. <u>Producing Party</u> is a party or non-party to this Action that produces Discovery Material in this Action.

    d. <u>Receiving Party</u> is a party to this Action that receives Discovery Material from a Producing Party in this Action.

2. <u>SCOPE</u>.

    a. Any Producing Party may designate as "Confidential" under the terms of this Order:

        i. Information concerning settlement discussions and mediation, including demands or offers, arising from a dispute between a party and a non-party;

        ii. Discovery Materials containing personally identifying information of non-parties;

        iii. Records restricted or prohibited from disclosure by statute, rule, or law;

        iv. Other sensitive material that the Producing Party contends contains confidential or proprietary information; and

        v. Any information copied or extracted from the previously described materials, including all excerpts, summaries, or compilations of this information or testimony, and documentation of questioning, statements, conversations, or presentations that might reveal the

information contained within the underlying confidential Discovery Material.

b. Nothing in this Order shall be construed to limit any Producing Party's use or disclosure, outside the context of this Action, of its own produced documents or information that are subject to this Order.

c. Any use of Protected Material at trial shall be governed by a separate agreement or order.

3. <u>MANNER OF CONFIDENTIAL DESIGNATION.</u> A Producing Party shall affix a "CONFIDENTIAL" designation to any document containing confidential Discovery Material produced in this Action.

a. As to documentary information, the Producing Party must affix the legend "CONFDIENTIAL" to each page of the document that contains protected material.

b. For testimony given in deposition or in other pretrial or trial proceedings, that the designating party identify on the record any protected testimony.

c. If it is not feasible to label confidential Discovery Material as CONFIDENTIAL, the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

4. <u>QUALIFIED RECIPIENTS</u>.

    a. For the purposes of this Protective Order, the only persons authorized to receive Discovery Material that a Producing Party has designated CONFIDENTIAL are the following categories of "Qualified Recipients":

        i. The parties to this Action;

        ii. the SEC staff and Commissioners to whom disclosure is reasonably necessary for this litigation;

        iii. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

        iv. Vendors who are retained by a party to this Action or their counsel to copy documents or electronic files, provide technical, litigation support, or mock trial services, or provide messenger or other administrative support services;

        v. Any non-expert witness during any deposition or other proceeding in this Action, and counsel for that witness;

        vi. Potential witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the potential witness's deposition, trial, or hearing testimony for this Action;

        vii. Consulting or testifying expert witnesses who will be providing professional opinions and assistance for this Action based upon a

       review of the Discovery Material, and the staff and assistants employed by the consulting or testifying experts;

  viii.  Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

  ix.  Court reporters for depositions taken in this Action, including persons operating video recording equipment and persons preparing transcripts of testimony; and

  x.  The Court and its staff, any court reporter or typist recording or transcribing hearings and testimony, and jurors.

  b.  Discovery Material designated as "CONFIDENTIAL" shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of this action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" in such a manner as to prevent access by individuals who are not Qualified Recipients.

5.   <u>LIMITATIONS ON USE</u>. Confidential Discovery Material shall be used by the Receiving Party solely for the prosecution or defense of this Action and any appeals related to this Action, and not for any business, commercial, or competitive purpose.

6.   <u>INADVERTENT FAILURES TO DESIGNATE</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right

to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.      NON-WAIVER. The production of Discovery Material, whether inadvertent or otherwise, shall not constitute a waiver of any privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Discovery Materials for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

8.      CONSENT TO DISCLOSURE.  Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure. For example, a party seeking to publicly file in the docket of this Action a document deemed CONFIDENTIAL could solicit consent from the designating party.

9.      SEC USES OF PROTECTED MATERIAL. Notwithstanding anything in this Order to the contrary, this Order does not:

  a. apply to any documents, testimony, or other information produced to or received by the SEC during its pre-filing investigation, including documents previously marked as "CONFIDENTIAL" or "CONFIDENTIAL — FOIA EXEMPT," unless (i) the SEC now designates the information as CONFIDENTIAL under this Order, or (ii) the original producing party now

designates material they provided to the SEC in the pre-filing investigation as CONFIDENTIAL under this Order;

b. limit or restrict the retention, use, or disclosure of CONFIDENTIAL information for any of the "Routine Uses of Information" identified in SEC Form 1662 ("Supplemental Information for Persons Requested to Supply Information Voluntarily or Directed to Supply Information Pursuant to a Commission Subpoena"), or as required for law enforcement activities or to otherwise regulate, administer, or enforce the federal securities laws; or

c. limit or restrict the retention, use, or disclosure of CONFIDENTIAL information to the extent the SEC or its staff determines that such retention, use, or disclosure is required by the Freedom of Information Act, 5 U.S.C. § 552, et seq., or to fulfill the SEC's recordkeeping, governmental reporting, or archival obligations.

Dated: December 20, 2024

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION, | DEFENDANT, |
| | _____/s/Robert Vance_____ |
| By: /s/ *Ariella O. Guardi* | Robert M. Vance, pro se<br>PO Box 415<br>Mi Wuk Village, CA 95346<br>Telephone: (209) 404-5498<br>Bobvance.vcm@gmail.com |
| Ariella Omholt Guardi<br>Jedediah Forkner<br>175 West Jackson Blvd.<br>Chicago, Illinois 60604<br>guardia@sec.gov<br>forknerj@sec.gov<br>Telephone: (312) 353-7390<br>Facsimile: (312) 353-7398 | |

**ORDER**

**GOOD CAUSE APPEARING**, the Court hereby approves this Stipulated Protective Order.

IT IS SO ORDERED.

Dated:  **December 26, 2024**          /s/ *Barbara A. McAuliffe*          
                                                                UNITED STATES MAGISTRATE JUDGE